UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARRELL A. SCHLENDER and TAMI L. SCHLENDER, husband and wife,<br><br>        Plaintiffs,<br><br>    v.<br><br>UNITED PARCEL SERVICE CO. d/b/a UPSCO UNITED PARCEL SERVICE CO., a Delaware Corporation, and UNITED PARCEL SERVICE, INC., an Ohio Corporation; and PAUL BOND,<br><br>        Defendants. | No. CV-06-0006-FVS<br><br>ORDER |

**THIS MATTER** came before the Court on March 6, 2006, based upon the plaintiffs' motion to remand.  They are represented by Ronald A. Van Wert.  The defendants are represented by Valerie L. Hughes.

**BACKGROUND**

The plaintiffs filed an action in Spokane County Superior Court on December 9, 2005.  The first cause of action alleged disability discrimination in violation of federal law.  The second cause of action alleged disability discrimination in violation of state law.  The third cause of action alleged retaliation in violation of federal and state law.  On January 9, 2006, the defendants removed the action to federal court based upon the existence of federal-question jurisdiction.  The day following removal, the plaintiffs filed an amended complaint that contains no federal-law claims.  In addition,

ORDER - 1

they moved to remand the action to state court.  The defendants object.  They ask the Court to retain supplemental jurisdiction over the plaintiffs' state-law claims based upon considerations of economy, convenience, fairness, and comity.  If, nonetheless, the Court is inclined to remand the action to state court, the defendants urge the Court to dismiss the plaintiffs' former federal-law claims with prejudice.

   **RULING**

   The Court had original jurisdiction over the plaintiffs' federal-law claims at the time of removal.  28 U.S.C. §§ 1331; 1441(b).  The Court was authorized to exercise supplemental jurisdiction over the plaintiffs' state-law claims because it is undisputed that their state-law claims were related to their federal-law claims in such a manner that the state-law claims formed part of the same case or controversy.  28 U.S.C. § 1367(a).  Pursuant to Federal Rule of Civil Procedure 15(a), the plaintiffs were entitled to amend their complaint as a matter of course because the defendants had not served an answer.  Contrary to the defendants, the plaintiffs decision to abandon their federal-law claims does not constitute forum manipulation.  *See Baddie v. Berkley Farms, Inc.,* 64 F.3d 487, 491 (9th Cir. 1995) (The plaintiffs "dismissed their federal claims and moved for remand with all due speed after removal.  There was nothing manipulative about that straight-forward tactical decision[.]").  Thus, at this juncture, the only claims that are before the Court are state-law claims.  This development does not deprive the Court of jurisdiction.  *See Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers,* 159 F.3d. 1209, 1213 (9th Cir.

ORDER - 2

1998) (the existence of subject matter jurisdiction is evaluated in light of the pleadings that are filed at the time of removal). Nevertheless, given the absence of any claim over which the Court had original jurisdiction, the Court must decide whether it should continue to exercise supplemental jurisdiction over the plaintiffs' state-law claims. 28 U.S.C. § 1367(c)(3). "'[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law-claims.'" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S.Ct. 614, 619 n.7, 98 L.Ed.2d 720 (1988). However, the Court may not decline supplemental jurisdiction without determining whether remand is consistent with considerations of economy, convenience, fairness, and comity. *See Executive Software North America, Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir.1994) (internal punctuation and citations omitted). Insofar as economy is concerned, the Court has yet to enter a scheduling order. The parties have conducted little, if any, discovery, and the defendants have not challenged the merits of the plaintiffs' state-law claims. Insofar as convenience is concerned, both the federal District Court and the state Superior Court are located in the same community. Insofar as fairness is concerned, the plaintiffs have relinquished their federal-law claims in order to return to state court. Insofar as comity is concerned, remanding the plaintiffs' state-law claims will avoid unnecessary federal entanglement in issues of state law. Given the preceding circumstances, there is no reason to retain supplemental jurisdiction over the plaintiffs' state-law claims. The defendants are concerned that the plaintiffs

ORDER - 3

will reassert their federal claims in state court. The defendants urge the Court to dismiss the plaintiffs' former federal-law claims with prejudice. The problem with the defendants' request is that the plaintiffs' federal-law claims are no longer part of this action. The defendants have not cited, and independent research has failed to uncover, precedent which would allow a United States District Judge to dismiss a federal-law claim that the plaintiff has abandoned previously as a matter of right. Consequently, the defendants' request for dismissal with prejudice is denied. If the plaintiffs reassert their federal-law claims in state court, the defendants may seek appropriate relief. *See, e.g., Cunningham v. Reliable Concrete Pumping, Inc.*, 126 Wn. App. 222, 224-25, 108 P.3d 147 (2005) (the doctrine of judicial estoppel precluded the plaintiff from bringing a personal injury claim in state court as a result of his failure to disclose the claim in a bankruptcy proceeding).

**IT IS HEREBY ORDERED:**

The plaintiffs' motion to remand the action to *Spokane County Superior Court* (**Ct. Rec. 6)** is granted.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order, furnish copies to counsel, and close the case.

**DATED** this  6  day of March, 2006.

                                        s/Fred Van Sickle
                                           Fred Van Sickle
                               United States District Judge